**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JAMES HENRY TURNER, JR.,**

  **Plaintiff,**

**v.**            **Case No.: 3:25-cv-00614**

**WESTERN REGIONAL JAIL,
JAMES SMITH, WEXFORD
HEALTH SOURCES, AUSTIN
JORDAN,**

  **Defendants.**

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

Pending before the Court are Plaintiff's pro se Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2), Defendants Wexford Health Sources, Inc. and Austin Jordan's ("Medical Defendants") Motion to Dismiss, (ECF No. 13); Defendants West Virginia Division of Corrections and Rehabilitation ("WVDCR"), who have noted it was misnamed in the Complaint as Western Regional Jail ("WRJ"), and James Smith's (collectively "Jail Defendants") Motion to Dismiss, (ECF No. 15); and the Jail Defendants' Amended Motion to Dismiss, (ECF No. 17). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and has been referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** the Complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 41.1 for

failure to prosecute and failure to comply with a court order. Alternatively, the undersigned **RECOMMENDS** that the Medical Defendants' Motion to Dismiss, (ECF No. 13), and the Jail Defendants' Amended Motion to Dismiss, (ECF No. 17), be **GRANTED**; that the Jail Defendants' original Motion to Dismiss, (ECF No. 15), be **DENIED** as **MOOT**; and that this matter be **REMOVED** from the docket of the Court.

## I.    Relevant Facts

Plaintiff James Henry Turner, Jr. ("Plaintiff"), proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 on October 16, 2025. (ECF No. 2). Plaintiff alleges that, while incarcerated at WRJ, he submitted multiple requests for medical treatment concerning dental pain and did not receive a response. (*Id.* at 4-5). Plaintiff names WRJ, James Smith, Wexford Health Sources, and Austin Jordan as defendants and seeks monetary damages. (*Id.* at 1, 5).

On October 20, 2025, the Court granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed service of process upon the named Defendants. (ECF No. 4). Summonses were returned executed on October 27, 2025. (ECF Nos. 9-12).

On November 5, 2025, Defendants Wexford Health Sources, Inc. and Austin Jordan filed a Motion to Dismiss and memorandum in support, arguing that Plaintiff failed to state a plausible claim for relief under § 1983 because the Complaint did not allege facts demonstrating deliberate indifference to a serious medical need and did not identify any policy or custom attributable to Wexford that caused a constitutional violation. (ECF Nos. 13, 14). On November 13, 2025, Defendants WVDCR and Smith filed a Motion to Dismiss. (ECF No. 15). Those Defendants subsequently filed an Amended Motion to Dismiss and supporting memorandum on November 19, 2025, asserting,

among other things, that WVDCR is not a "person" subject to suit under § 1983, that the claims against WVDCR are barred by the Eleventh Amendment, and that the Complaint fails to allege sufficient facts establishing personal involvement by Defendant Smith in any constitutional deprivation. (ECF Nos. 17, 19).

Plaintiff moved for an extension of time in which to respond to the pending motions. (ECF No. 20). The Court granted the motion and directed Plaintiff to file any response on or before April 17, 2026. (ECF No. 21). Plaintiff did not file a response.

On April 2, 2026, Plaintiff's copy of the extension order was returned as undeliverable because Plaintiff had been released from WRJ and had not provided the Court with an updated mailing address. (ECF No. 22). The Court subsequently determined that Plaintiff had been reincarcerated at WRJ and entered an Order to Show Cause on May 16, 2026. (ECF No. 27). The Court directed Plaintiff to file a response to the pending motions to dismiss and to show cause, on or before June 17, 2026, why this matter should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 41.1. (*Id.*).

To date, Plaintiff has neither responded to the pending motions nor complied with the Court's Order to Show Cause. Accordingly, the motions are ripe for adjudication.

## II.    **Discussion**

The Court first addresses whether this action should be dismissed for Plaintiff's failure to prosecute and failure to comply with Court orders. Because the undersigned concludes that dismissal is warranted on that basis, the Court need not reach the merits of Defendants' motions. Alternatively, however, the Court has reviewed the arguments presented in those motions and finds that dismissal would likewise be warranted under Rule 12(b)(6).

**A. Dismissal for Failure to Prosecute**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court explained in *Link*, such authority is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Rule 41(b) of the Federal Rules of Civil Procedure codifies the district court's inherent authority, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

Similarly, Local Rule of Civil Procedure 41.1 provides that when it appears a party has shown no interest in further prosecution of an action, the judicial officer may give notice that the matter will be dismissed unless good cause for its retention on the docket is shown within thirty days. L.R. Civ. P. 41.1.

The appropriateness of dismissal under Rule 41(b) depends upon the particular circumstances of the case. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). In determining whether dismissal is warranted, courts generally consider: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). However, "a district court need not engage in a rigid application of this test … when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. July 21, 1997) (citing *Ballard*, 882 F.2d at 95–96).

Having considered the foregoing factors, the undersigned concludes that dismissal is warranted. Plaintiff bears sole responsibility for the delay in prosecution of this matter. Defendants filed their motions to dismiss in November 2025. (ECF Nos. 13, 15, 17). Plaintiff sought and obtained an extension of time in which to respond. (ECF Nos. 20, 21). Despite receiving the requested extension, Plaintiff failed to file a response. Thereafter, the Court entered an Order to Show Cause directing Plaintiff to respond to the motions and demonstrate why this action should not be dismissed pursuant to Rule 41(b) and Local Rule 41.1. (ECF No. 27). The docket does not show this Order being returned as undeliverable. However, Plaintiff failed to comply with that Order and has taken no action to prosecute this case.

The delay has prejudiced Defendants, who have expended resources preparing and filing dispositive motions while Plaintiff has failed to participate in the litigation. Moreover, the motions have remained pending for several months without any response from Plaintiff, preventing resolution of the action and unnecessarily consuming judicial resources.

Plaintiff's conduct further reflects a pattern of dilatoriness. Plaintiff failed to respond to the motions to dismiss within the time originally allotted, sought an extension of time, failed to respond within the extended deadline, failed to notify the Court of his change of address following his release from custody, and ultimately failed to comply with the Court's Order to Show Cause. Plaintiff has offered no explanation for these failures.

Finally, the undersigned concludes that lesser sanctions would be ineffective. Plaintiff proceeds pro se and in forma pauperis. The Court previously employed lesser measures by granting Plaintiff additional time to respond and later issuing an Order to Show Cause expressly warning Plaintiff that dismissal could result from his failure to act.

Those efforts proved unsuccessful. Plaintiff ignored both opportunities and has ceased participating in this litigation.

Accordingly, although the undersigned is cautious in recommending dismissal of a plaintiff's claim for failure to prosecute, the undersigned **FINDS** that Plaintiff has failed to prosecute this action and has failed to comply with a Court order. Therefore, dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 41.1 is warranted.

### B. Dismissal for Failure to State a Claim

Even if dismissal pursuant to Rule 41(b) were not warranted, the undersigned **FINDS** that Defendants are entitled to dismissal under Rule 12(b)(6).

Because Plaintiff proceeds pro se, the Court liberally construes the allegations contained in the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the Court may not act as Plaintiff's advocate or construct claims not fairly presented by the pleading. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Complaint alleges that Plaintiff submitted multiple requests for medical treatment regarding dental pain but did not receive a response. (ECF No. 2 at 4-5). Plaintiff further alleges that he experiences constant pain, tooth decay, and headaches. (*Id.*). Plaintiff names WRJ, James Smith, Wexford Health Sources, and Austin Jordan as defendants. However, the Complaint contains virtually no factual allegations concerning the personal conduct of Smith or Jordan.

As to Defendant Smith, Plaintiff identifies him only as the Chief of Security at WRJ.

(*Id.* at 1). The Complaint does not allege that Smith participated in Plaintiff's medical care, denied treatment, interfered with treatment, or otherwise engaged in conduct that violated Plaintiff's constitutional rights. Accordingly, Plaintiff fails to state a plausible claim against Smith.

Likewise, Plaintiff fails to state a claim against Defendant Jordan. Although Plaintiff alleges that Jordan is responsible for the medical process at WRJ, the Complaint contains no factual allegations demonstrating Jordan's personal involvement in the events at issue. Liability under § 1983 is personal in nature, and supervisory liability may not be premised upon respondeat superior alone. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, Plaintiff fails to state a claim against Jordan.

Plaintiff also fails to state a claim against Wexford Health Sources. A private corporation performing a state function may not be held liable under § 1983 solely because it employs an alleged wrongdoer. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999). Rather, a plaintiff must identify a policy or custom that caused the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Austin*, 195 F.3d at 728. Plaintiff alleges no policy, practice, or custom attributable to Wexford and therefore fails to state a plausible claim for relief against that Defendant.

Finally, Plaintiff's claim against WRJ likewise fails. To the extent Plaintiff intended to sue WRJ as a separate entity, a regional jail is not a "person" subject to suit under § 1983. *See Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000) (unpublished table decision); *Roach v. Burch*, 825 F. Supp. 116, 117 (N.D.W. Va. 1993). Moreover, as argued by the Jail Defendants, WVDCR is not a "person" amenable to suit under § 1983 and is entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984).

Accordingly, even if dismissal pursuant to Rule 41(b) were not warranted, the undersigned **FINDS** that the Complaint fails to state a claim upon which relief can be granted. Therefore, the undersigned further **FINDS** that Defendants' motions to dismiss have merit and respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Medical Defendants' Motion to Dismiss, (ECF No. 13), **DENY** as **MOOT** the Jail Defendants' original Motion to Dismiss, (ECF No. 15), **GRANT** the Jail Defendants' Amended Motion to Dismiss, (ECF No. 17), and **DISMISS** the Complaint for failure to state a claim upon which relief can be granted.

## III.   <u>Proposal and Recommendation</u>

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **DISMISS** the Complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 41.1 for failure to prosecute and failure to comply with a Court order and **REMOVE** this action from the docket of the Court.

Alternatively, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT** the Medical Defendants' Motion to Dismiss, (ECF No. 13), **DENY** as **MOOT** the Jail Defendants' original Motion to Dismiss, (ECF No. 15), **GRANT** the Jail Defendants' Amended Motion to Dismiss, (ECF No. 17), **DISMISS** the Complaint for failure to state a claim upon which relief can be granted, and **REMOVE** this action from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Aboulhosn.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

**DATED**:  June 23, 2026



Omar J. Aboulhosn
United States Magistrate Judge